**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AMARI J. MOODY,

                            Plaintiff,

    v.                                      1:26-cv-00229 (AMN/DJS)

BROADVIEW FEDERAL CREDIT UNION,

                            Defendant.

**APPEARANCES:**                            **OF COUNSEL:**

**AMARI J. MOODY**
2390 Millwater Crossing
Dacula, Georgia 30019
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION & ORDER

### I.    INTRODUCTION

On January 1, 2026, plaintiff *pro se* Amari J. Moody ("Plaintiff") commenced this action in the Southern District of New York, bringing claims against Broadview Federal Credit Union ("Defendant") pursuant to Title III of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("RA"), and the Electronic Fund Transfer Act ("EFTA"). *See* Dkt. No. 1 ("Complaint"). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed IFP on January 30, 2026.

On February 12, 2026, Chief Judge Swain transferred this matter to the Northern District of New York. Dkt. No. 19. This matter was assigned to United States Magistrate Judge Daniel J.

1

Stewart, who reviewed the Complaint pursuant to 28 U.S.C. § 1915. Dkt. No. 21 at 3 ("Report-Recommendation").[1] Magistrate Judge Stewart also reviewed various motions filed by Plaintiff. *Id.* at 1; *see* Dkt. Nos. 12, 13, 17, 18.

On March 11, 2026, Magistrate Judge Stewart recommended that this Court dismiss Plaintiff's claims with leave to amend. Dkt. No. 21 at 12. Magistrate Judge Stewart also recommended that the Court deny each of Plaintiff's pending motions. *Id.* at 12-13. Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Stewart advised that the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* at 13. No party has filed objections, and the time for filing objections has expired.

For the following reasons, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

*Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.    DISCUSSION

Because no party has filed any objection to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

First, Magistrate Judge Stewart addressed Plaintiff's motion to declare Chief Judge Swain's transfer order void pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, *see* Dkt. No. 18, recommending that the Court deny the motion because Plaintiff improperly cited 28 U.S.C. § 1391(e) as a basis for venue, failed to provide a factual basis for venue in the Southern

3

District of New York, and improperly put forth a merits argument to address the issue of venue. Dkt. No. 21 at 6-7.

Turning to the merits of the Complaint, Magistrate Judge Stewart first evaluated Plaintiff's ADA and RA claims. *Id.* at 7-10. Magistrate Judge Stewart found that the Complaint failed to "specify any particular physical or mental impairment" and included only vague and conclusory assertions that Plaintiff has a documented medical disability. *Id.* at 9. Moreover, Magistrate Judge Stewart found that Plaintiff failed to provide non-conclusory factual allegations explaining how his alleged disability prevented him from participating in Defendant's banking services—Plaintiff merely put forth a vague allegation that his alleged disability limited his ability to "repeatedly generate and submit documentation." *Id.* (citing Dkt. No. 1 at ¶ 13). Without more, Magistrate Judge Stewart found that Plaintiff had not adequately alleged that, under Title III of the ADA or Section 504 of the RA, he is a "qualified individual with a disability" or that he was "denied the opportunity to participate in or benefit from defendant's services, programs, or activities" because of his alleged disability. *See id.* at 8 (quoting *Ramrattan v. New York*, No. 9:22-cv-00025, 2025 WL 2549075, at *7 (N.D.N.Y. July 9, 2025), *report and recommendation adopted sub nom. Ramrattan v. Guzman*, 2025 WL 2315310 (N.D.N.Y. Aug. 12, 2025) (internal quotations omitted)). Thus, Magistrate Judge Stewart recommended that this Court dismiss Plaintiff's first cause of action pursuant to the ADA and second cause of action pursuant to the RA. *Id.* at 10.

As to the EFTA, Magistrate Judge Stewart found that Plaintiff failed to allege that "any unauthorized electronic fund transfer was initiated in relation to his account or otherwise" as required for a claim under the statute. *Id.* at 10-11; *see Bernstein v. JPMorgan Chase Bank, N.A.*, 775 F. Supp. 3d 701, 716 (S.D.N.Y. 2025), *reconsideration denied*, No. 24-cv-3552, 2025 WL 3753911 (S.D.N.Y. Dec. 29, 2025). Magistrate Judge Stewart also found that Plaintiff's

allegations that Defendant did not issue Plaintiff a replacement debit card and thereby prevented access to electronic fund transfer services were not relevant to a claim under the EFTA. Dkt. No. 21 at 11. Thus, Magistrate Judge Stewart recommended that the Court dismiss Plaintiff's third cause of action pursuant to the EFTA. *Id.*

Finally, Magistrate Judge Stewart recommended that the Court grant Plaintiff leave to amend and further advised Plaintiff that any such amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. *Id.* at 11-12.

As to Plaintiff's pending motions, Magistrate Judge Stewart recommended denying Plaintiff's notice of structural defects and request for Article III supervisory review and Plaintiff's motion to compel emergency review. *Id.* at 12; *see* Dkt. Nos. 12, 17. Also, given his review of the Complaint pursuant to 28 U.S.C. § 1915, Magistrate Judge Stewart recommended that the Court deny as moot Plaintiff's motion to compel judicial assignment and issuance of an initial screening order. *Id.* at 13; *see* Dkt. No. 13.

After reviewing the Report-Recommendation and considering Magistrate Judge Stewart's findings, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

### IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 21, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Rule 60(b)(4) motion to declare transfer order void, Dkt. No. 18, be **DENIED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed **within thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that Plaintiff's notice of structural defects and request for Article III supervisory review, Dkt. No. 12, and Plaintiff's motion to compel emergency review, Dkt. No. 17, be **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion to compel judicial assignment and issuance of initial screening order, Dkt. No. 13, be **DENIED** as moot; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 16, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge